Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**James Rosenfeld**
(212) 603-6455 tel
(212) 489-8340 fax

jamesrosenfeld@dwt.com

September 18, 2026

**Via ECF**

The Honorable Loretta A. Preska
United States District Court Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

**Re: *Moore v. Associated Newspaper Ltd.*, 1:26-cv-5536-LAP**

Dear Judge Preska:

We are counsel for Defendants Associated Newspapers Ltd. ("ANL") and Mail Media, Inc. ("Mail Media") in the above-captioned action. We write pursuant to Rule 1E of Your Honor's Individual Rules and Practices to respectfully request that the Court enter an order under Federal Rule of Civil Procedure 26(c) and the Court's inherent power to manage its docket and the pre-trial process staying this case—including, without limitation, a Rule 26(f) conference, any pre-trial conference, initial disclosures, the Rule 26(f) joint status report, and discovery—until after the Court has decided Defendants' pending motion to dismiss for failure to state a claim. Defendants have not previously requested a stay, and the Court has not issued any deadlines or set any conference dates. Plaintiff does not consent to Defendants' request. The reasons for Defendants' request, and the good cause supporting it, are set forth below.

On June 30, 2026, Plaintiff filed a Complaint ("Compl.") asserting two causes of action: a claim for copyright infringement under 17 U.S.C. § 501 and a claim under 17 U.S.C. § 1202(a) for allegedly providing false copyright management information ("CMI"). Both claims arise from the inclusion of a photograph allegedly taken by Plaintiff ("Photo") in an article published by the Daily Mail (the "Article").

On September 11, 2026, Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). *See* ECF No. 18 (the "Motion"). Plaintiff's opposition to the motion is due on September 25, 2026, and Defendants' reply is due on October 2, 2026. As described below, good cause exists to stay

discovery and related matters in this case pending this Court's ruling on Defendants' Motion.

"Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021) (internal quotes omitted); *see also Farzan v. Bridgewater Assocs*., LP, 699 F. App'x 57 (2d Cir. 2017) (affirming district court's stay of discovery pending pre-answer motion to dismiss). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). This Court has applied these principles in staying discovery pending resolution of a motion to dismiss. *See Hillel v. Obvio Health USA, Inc.*, No. 1:20-cv-04647-LAP, ECF No. 57 (S.D.N.Y. Oct. 28, 2020) (recognizing district courts have "considerable discretion to stay discovery pursuant to Rule 26(c)" and "a pending motion to dismiss may constitute 'good cause'" for such a stay). Each of these factors supports granting Defendants' stay request.

***First***, a stay of discovery is appropriate where, as here, the motion "appear[s] to have substantial grounds." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (alteration in original) (internal quotes omitted); *see Rivera v. Heyman,* 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). Defendants' Motion easily meets this requirement:

- As explained in Defendants' Motion, Plaintiff's copyright claim fails because the use of the Photo in Defendants' Article was a protected "fair use" under 17 U.S.C. § 107. *See* ECF No. 19 at 5-17. The Article reported on a viral online controversy concerning an Instagram account called "VHS Dates," which purports to disclose lost dating service videotapes from the 1980s. The Article explained that online sleuths had recognized several of the performers, and presented readers with evidence of the hoax by

comparing screenshots of the so-called "VHS dating tape" of a participant named "Gwen" with the Photo, a present-day picture of actress Annie Sertich, who played Gwen. The use of the Photo was a permissible fair use because (1) it was used for a transformative purpose – as comparative evidence that allowed readers to evaluate whether the viral "VHS Dates" tapes were authentic or staged; (2) the Photo was factual and had been published previously; (3) the Article used no more of the Photo than was reasonably necessary for the transformative purpose; and (4) the use in the Article did not substitute for the original Photo or usurp any existing or reasonably likely market for it.[1]

- Plaintiff's CMI claim under 17 U.S.C. § 1202(a) also fails. *See* ECF No. 19 at 17-22. The statute requires Plaintiff to plead and prove that the Defendants' alleged publication of "false CMI" was done with "an intent to conceal" copyright infringement. Plaintiff has not (and cannot) meet this burden, however, because he simultaneously alleges that the inclusion of "@ instagram" on the Photo was *automatically* generated by Defendants' crediting system, and thus could not have been subjectively intended to conceal infringement. Plaintiff's CMI claim also conflates the two distinct elements of knowledge and intent; and assumes there was an underlying "infringement," when instead the publication was a protected "fair use."

A stay is particularly appropriate where, as here, "the resolution of the pending motion to dismiss may dispose of the entire action." *Psychic Readers Network, Inc. v. A&E Television Networks LLC,* 2025 WL 1380956, at *2 (S.D.N.Y. May 13, 2025) (staying discovery pending resolution of defendants' motion to dismiss plaintiff's complaint, including claim for copyright infringement). Because the Motion, if granted, would result in a dismissal of both of Plaintiff's claims – the only claims at issue – this factor also favors a stay.

***Second***, discovery related to Plaintiff's claim is likely to be far-reaching and expensive. Based on the expansive allegations in the Complaint, we expect

[1] Indeed, Plaintiff concedes in the Complaint that there was no market for the Photo. *See* Compl. ¶¶ 23, 52, 117; ECF No. 19 at 16.

Plaintiff to demand extensive discovery about Defendants' photo desk and editorial operations, its crediting system, and its policies and procedures about using photographs in articles, with the attendant prospect of discovery disputes. Discovery is likely to be particularly burdensome given that Defendant ANL is a London-based company, and at least some of the relevant witnesses are likely to be based there.

Moreover, although Defendants dispute that this case is appropriate for a class action, Plaintiff purports to bring claims on behalf of himself and what he describes as two numerous sub-classes of prospective class members, involving photographs published over a three-year period. If class discovery proceeds, Defendants expect the discovery demands to be substantially expanded, involving a significant volume of documents from numerous custodians, written discovery related to each class members' claims, and numerous depositions. The anticipated large volume of discovery weighs in favor of a stay. *See Amron v. 3M Minnesota Mining & Mfg. Co*., 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("[T]he breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided."); *DePaul v. Kimberly-Clark Corp*., 2025 WL 2256307, at *3 (D. Conn. Aug. 7, 2025) (granting stay where, as here, the plaintiffs sought certification of two separate classes because such discovery "is likely to be both significant and time-consuming"); *Gastineau v. ESPN Inc*., 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025) ("Particularly given the costly and time-consuming nature of modern electronic discovery in civil lawsuits like this that involve[e] numerous custodians, this factor counsels a stay."). A stay is additionally warranted here in light of the "overseas witnesses or records" involved. *Choudhury v. NYC Health & Hosps. Corp*., 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (explaining instances where a stay of discovery may be appropriate).

***Third***, a stay of discovery pending this Court's ruling on Defendants' Motion would not prejudice Plaintiff. Indeed, where a straightforward application of governing law requires dismissal of a plaintiff's claims, as in this case, courts in this District regularly grant motions to stay on the ground that a "delay in

discovery without more does not amount to undue prejudice." *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.") (citing *Spinelli v. NFL*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015)). Furthermore, because "no discovery requests ha[ve] yet been served in this case," and the requested stay "will likely delay the commencement of discovery for only a few months," Plaintiff cannot credibly claim it will be unduly prejudiced by a stay. *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1.[2] Indeed, Plaintiff has not articulated any reason why or how he would be prejudiced.

For all the foregoing reasons, Defendants respectfully request that the Court issue an order staying this action until it rules on Defendants' Motion.

Respectfully submitted,

James Rosenfeld

cc: Counsel of Record via ECF

---

[2] Good cause may be shown where, as here, the requested stay is for a "short period of time." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Here, Defendants' motion will be fully briefed by October 2, 2026.