PARKKINEN

808 WILSHIRE BOULEVARD SUITE 200-255
SANTA MONICA CALIFORNIA 90401
(323) 919-3590 · JP@PRKKNN.COM

September 23, 2026

**Via ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Moore v. Associated Newspapers Ltd., et al.*, No. 1:26-cv-05536-LAP—Plaintiff's Opposition to Defendants' Stay Request**

Dear Judge Preska:

Plaintiff Matthew Moore opposes Defendants' request to stay this action pending their motion to dismiss. Dkt. 21.

Defendants do not ask the Court to adjust a schedule; they ask that nothing happen—no Rule 26(f) conference, no initial disclosures, no discovery—until the Court decides a motion they filed eleven weeks in, on the last day of their seven-week extension. Dkts. 16–17. But the evidence in this case is not in Defendants' files alone. It lives on third-party platforms where it lasts until a post is deleted, a page edited, or an account closed, and under Rule 26(d)(1) Plaintiff cannot serve a preservation subpoena until the Rule 26(f) conference. Defendants' proposed stay reaches that conference, and it would leave critical evidence unprotected while the motion is pending.[1]

[1] Defendants styled their 1,500-word request under Rule 1.E, which governs adjournments or extensions. But they acknowledge "the Court has not issued any deadlines or set any conference dates," Dkt. 21 at 1, so there is nothing to adjourn or extend. What Defendants seek is an order under Rule 26(c) staying the case, *id.*, for which Rule 2.A requires a conference first. Under either Rule, Defendants' request is noncompliant.

**1. Denying the stay imposes no burden on Defendants.**

The Court weighs the breadth of discovery sought and the burden of responding to it. *Hillel v. Obvio Health USA, Inc.*, No. 20-cv-4647, Dkt. 57 at 2 (S.D.N.Y. Oct. 28, 2020). What Defendants ask to stay is a conference, disclosures, and a joint report—an afternoon's work. The "extensive discovery" they predict into their "crediting system" and "policies," Dkt. 21 at 4, describes documents in their files, producible without bringing a witness from London. Courts routinely let written discovery proceed while a dispositive motion is pending, deferring only depositions and experts, as Defendants' own authority holds. *Choudhury v. NYC Health & Hosps. Corp.*, 2025 WL 2977837, at *5 (S.D.N.Y. Oct. 22, 2025) (staying depositions and experts, so "critical early-discovery steps of document review and production" could "move forward").

**2. Delay is prejudicial.**

A stay would be prejudicial to Plaintiff in two respects. *First*, the conduct is ongoing. The Article and the 107 other exemplars continue to display photographs under false "© [platform]" credits, Dkt. 1-1, and Plaintiff sues on behalf of the creators subject to that practice. Nothing in the record suggests the practice will end before this litigation compels it to, and a stay needlessly defers that end point. It is "highly prejudicial to force Plaintiff to stand aside while the alleged infringement continues." *Nextgen IP Mgmt., LLC v. Cloudflare, Inc.*, 2025 WL 3089175, at *3 (S.D.N.Y. Nov. 5, 2025).

*Second*, Plaintiff's claims rest on photographs posted to individual accounts—material that disappears as accounts are deleted and posts removed. The 107 exemplars, for instance, belong to people not yet identified, and every passing week can make them harder to find. Plaintiff cannot arrest that loss under a stay. The source of each copied photograph is recorded in Defendants' systems; without that discovery Plaintiff cannot identify which accounts to ask the social media platforms to preserve, and without the Rule 26(f) conference he cannot serve a subpoena at all. *Hayward v. MParticle, Inc.*, 2026 WL 2225027, at *3 (S.D.N.Y. Aug. 3, 2026) (permitting document requests because "defendants' responses may identify third parties that may not presently be subject to preservation obligations"). Nothing comparably prejudicial happens to Defendants while the case waits; the record that erodes is the one Plaintiff needs. Even absent this showing, an absence of prejudice to Plaintiff would not, standing alone, carry Defendants' burden. *Giuffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 19, 2016).

**3. The motion to dismiss does not make a strong showing.**

A stay is appropriate only where the motion makes "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013). Defendants' motion asks the Court to find fair use on the pleadings—relief the Second Circuit has twice set aside since 2025, holding that the factors must "point decisively in the defense's favor" before a complaint may be dismissed. *Richardson v. Townsquare Media, Inc.*, 174 F.4th 299, 306 (2d Cir. 2026); *Romanova v. Amilus Inc.*, 138 F.4th 104, 118-20 (2d Cir. 2025). Courts in this District have refused dismissal where, as here, a publisher used a photograph to show its subject. *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 606 (S.D.N.Y. 2020); *Wood v. Observer Holdings, LLC*, 2021 WL 2874100, at *3 (S.D.N.Y. July 8, 2021).

The motion's § 1202 argument fails as well. Plaintiff alleges that Defendants' templated process has resulted in wide-scale infringement. Compl. ¶¶ 6, 41. Defendants misread that allegation to argue the crediting process is "automated" and therefore lacks "intent." Dkt. 19 at 24. The crediting process is automatic—it is done for every photograph—it is not "automated." The Complaint alleges that a "picture editor selects the credit for each image," Compl. ¶¶ 33, 106, and Defendants' own brief describes the editorial judgments exercised: they "selected only the one image needed," and "tailored" and "cropped the Photo." Dkt. 19 at 19. Defendants next contend that the credit they applied negates any intent to conceal—a defense ANL advanced in this District in 2016 and lost. *Devocean Jewelry LLC v. Associated Newspapers Ltd.*, 2016 WL 6135662, at *2 (S.D.N.Y. Oct. 19, 2016). And their principal authority, *McGucken v. Shutterstock, Inc.*, 166 F.4th 361 (2d Cir. 2026), was decided on summary judgment after the discovery they now seek to prevent.

**4. *Hillel* does not support this stay.**

The stay in *Hillel* rested on findings unavailable here: the motion was fully briefed, so any stay would be "short-lived"; the plaintiff conceded she would suffer no "debilitating prejudice"; and she claimed harm but could identify no specific discovery she needed. No. 20-cv-4647, Dkt. 57 at 3-4. Defendants' motion is not fully briefed, and the prejudice here is specific: third-party evidence is very likely expiring, and nothing can be served to preserve it until the conference occurs.

Plaintiff proposes the path *Choudhury* took: the case proceeds in the ordinary course, with depositions deferred until the motion is decided. The request should be denied or, in the alternative, limited as proposed.

Respectfully submitted,

*/s/ Jaymie Parkkinen*

Jaymie Parkkinen
(admitted *pro hac vice*)

PARKKINEN PC
808 Wilshire Blvd., Suite 200-255
Santa Monica, California 90401
(323) 919-3590
jp@prkknn.com

BLOCH & WHITE LLP
Michael L. Bloch
Benjamin D. White
90 Broad Street, Suite 703
New York, New York 10004
(212) 702-8670
mbloch@blochwhite.com
bwhite@blochwhite.com

*Attorneys for Plaintiff*
*and the Proposed Class*